White, J.
The error in this case is not, we think, well assigned.
It is true that a partner, in the absence of an agreement for compensation, is not entitled to charge for services rendered in discharging his duties as a member of the firm; and it makes no difference whether the services are rendered before or after dissolution. So, too, where, in pursuance of the articles of copartnership, the business is carried on after the death of one of the partners, the survivor can not charge for continuing the business, unless there is a stipulation for compensation. But where the survivor fs under no obligation to continue the business, but does so at his own peril, if the representatives of the deceased partner elect to share in the profits, a reasonable allowance may be deducted as a compensation to the survivor for his services.
In the present case, it -is claimed that no profits resulted from the continuation of the business.
This depends upon the sense in which the term profit is to be understood as applied to a case like the present. If it is to be understood as comprehending the beneficial And valuable results which would not otherwise have been realized, the continuing of the business resulted in profits to all concerned.
The report of the referee shows that the good-will was •of greater value than all the other assets; and that the slippage of the business, owing to its peculiar nature, would have destroyed substantially the value of the good-will.
The defendants, by' continuing the business after the dissolution of the firm by the death of Starbuek, preserved the good-will, and enabled the entire establishment, when the opportunity offered, to be sold as a going concern, greatly to the advantage of all parties.
The valuable results thus obtained from the continuation of the business, and which would have been lost if the business had not been continued, if not strictly profits, are in the nature of profits. And the same principle which Allows a deduction from profits by way of compensation, *195 will, in a case like the present, authorize a like deduction from the amount realized from the good-will.

Leave refused.

McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurred.